UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEVIN TOWNSLEY,**

    **Plaintiff,**

**v.**                                                           **CASE NO. 8:07-CV-1335-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____ /

## ORDER

Before the court are **Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** (Dkt. 15) and **Plaintiff's Response to Defendant's Motion** (Dkt. 17).

This matter is before the court on Defendant's motion seeking a dismissal of Plaintiff's complaint on grounds that it was submitted outside the sixty day statutory period for federal court review of the denial of social security benefits.[1] Plaintiff Kevin Townsley ("Townsley") opposes Defendant's motion and argues that the underlying circumstances justify the equitable tolling of the applicable statute of limitations.

**I.**    **Background and Procedural History**

On December 14, 2005, an Administrative Law Judge ("ALJ") denied Townsley's claim for supplemental security income ("SSI") benefits. (Dkt. 15-2 at 8-22) Townsley requested Appeals Council review of the ALJ's decision. On June 7, 2006, the Appeals Council denied Townsley's request and notified him of his right to commence a civil action within sixty days of receipt of the

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 14)

notice.  (Id. at 23-25)   The decision of the ALJ became the final decision of the Commissioner subject to judicial review pursuant to 42 U.S.C. § 405(g).  Thus, according to the terms of the June 7, 2006 letter, and consistent with the sixty day statute of limitations, Townsley was required to file his complaint in district court on or before August 11, 2006.

On August 9, 2006, Townsley filed a complaint claiming that the ALJ erred in denying his claim for benefits.  See Townsley v. Barnhart, No. 8:06-cv-1464-T-30MAP ("Townsley I"), (Dkt. 1)  Townsley also filed a motion for leave to proceed in forma pauperis, which the court subsequently granted.   (Townsley I, Dkts. 2 and 4)

On December 18, 2006, the court issued a show cause order why Townsley's complaint should not be dismissed without prejudice for Townsley's failure to serve a complaint and summons upon Defendant within 120 days of the complaint being filed. (Townsley I, Dkt. 5)  After Townsley failed to respond to the court's show cause order, the court dismissed the case without prejudice on January 24, 2007.  (Townsley I, Dkt. 6)

On July 31, 2007, Townsley commenced the instant action by filing a complaint in district court.   (Dkt. 1)   Townsley alleges that the action was "commenced within the appropriate time period set forth in the action of the Appeals Council on Request for Review dated June 7, 2006, save and except said cause was previously dismissed 'without prejudice'."  (Id.)

On January 23, 2008, Defendant moved to dismiss the complaint or, in the alternative, for summary judgment, based on the untimely filing of the complaint.   (Dkt. 15)  Defendant seeks a dismissal of Townsley's social security appeal on the grounds that it was submitted for filing outside the sixty day period following notification of his adverse decision.  (Id. at 4-5)  Further, Defendant contends that Townsley failed to demonstrate that extraordinary circumstances exist to justify the

equitable tolling of the statute of limitations. (Id. at 6)   In support of its motion, Defendant submitted evidence outside the pleadings, including the Declaration of Patrick J. Herbst, Chief of Court Case Preparation for the Social Security Administration, and portions of the administrative record. (Dkt. 15-2, at 1-27)

In response to Defendant's motion, Townsley asserts that his delay in filing the complaint was due to "the lack of effective communication with the Clerk of the Court and Counsel's recent exposure to electronic filing." (Dkt. 17 at 2-3)   Townsley's counsel alleges that, after Townsley filed his motion to proceed in forma pauperis on August 9, 2006, he and/or his assistant checked his e-mail every day and noted no transmission from the court or counsel regarding this motion. (Id. at 1-2)   "Many weeks" after the court dismissed Townsley's complaint, Townsley's counsel asserts that his assistant contacted the clerk's office regarding the status of the case. (Id. at 2)   According to Plaintiff's counsel, an unnamed deputy clerk advised his assistant of the dismissal of the case and "remarked that their office had been experiencing some difficulties with e-mail being successfully sent to aol addresses and that the assistant should check PACER." (Dkt. 17 at 2)   After ascertaining the status of the court's action, Plaintiff's counsel filed the complaint in the instant action. (Id.)   Townsley argues that delay in filing his complaint was inadvertent. (Id. at 2-3)   As such, Townsley asserts the underlying circumstances justify the equitable tolling of the applicable statute of limitations. (Id. at 3)

## II.   Standard of Review

Defendant seeks to dismiss Townsley's complaint against it pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, pursuant to Fed. R. Civ. P. 56.  Pursuant to Rule 12(b), if matters outside the pleadings are submitted with a motion to dismiss for failure to state claim and those

matters are considered by the court, the court must treat the motion as one for summary judgment pursuant to Rule 56 and allow the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Because matters outside the pleadings have been presented and considered by the court, Defendant's motion will be treated as a motion for summary judgment rather than as a motion to dismiss.  Further, the court finds that Plaintiff had adequate notice under Rule 56( c) because Defendant's motion seeks summary judgment in the alternative and Townsley's response demonstrates his awareness that the court would apply a Rule 56 standard if matters outside the pleadings were considered by the court.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56( c). The moving party bears the burden of showing that there is no issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the movant has met this burden, the nonmoving party must identify specific facts that raise a genuine issue for trial. Id.; Fed. R. Civ. P. 56(e).

"A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)).  In considering a motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Seroka v. American Airlines, Inc., 834 F. Supp. 374, 376 (S.D. Ala. 1993) (citations omitted).

The court must judge all evidence in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the nonmoving party's favor. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990) (citations omitted). However, the evidence must also be viewed within the scope of the evidentiary burden of the respective parties under the substantive law of the case. Id. (citing Anderson, 477 U.S. at 248). If, under this standard, the evidence can be considered such that a reasonable jury could find for the nonmoving party, summary judgment is inappropriate. Id. (citing Celotex, 477 U.S. at 324).

**III.   Discussion**

The United States, as sovereign, " is immune from suit save as it consents to be sued," and Congress determines how and when the United States may be sued for judicial review of administrative orders and judgments. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007)(citing Lehman v. Nakshian, 453 U.S. 156, 160 (1981)). Pursuant to 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving federal courts jurisdiction to review, modify or reverse the decisions of the Commissioner of Social Security. Id. The remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving SSI appeals. 42 U.S.C. § 405(h)("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.") The statute provides in pertinent part that a claimant may obtain review of the Commissioner's decision by filing a "civil action commenced sixty days after the mailing to him of notice of such decisions or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). The Supreme Court has held that this sixty day filing requirement is not jurisdictional but rather is in the nature of a statute of limitations, and therefore, can be waived by the parties or equitably tolled by the court in

exceptional circumstances.  Bowen v. New York, 476 U.S. 467, 479-480 (1986); Jackson, 506 F. 3d at 1353.

The traditional equitable tolling principles require a claimant to justify his untimely filing by a showing of extraordinary circumstances.  Jackson, 506 F. 3d at 1353.  The extraordinary circumstances standard may be met where the defendant misleads the plaintiff, allowing the statutory period to lapse.  Id.  Further, the doctrine of equitable tolling applies when plaintiff shows that he was pursuing his rights diligently but that plaintiff had no reasonable way of discovering the wrong perpetrated against him.  Id. at 1353-1354.  Thus, in order to justify equitable tolling of the sixty day statute of limitations period, a plaintiff must demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment.  Id. at 1355.

It is undisputed that Townsley filed his complaint after the expiration of the sixty day statute of limitations.  The only issue for the court to resolve is whether Townsley has demonstrated extraordinary circumstances that would give rise to equitable tolling.

Townsley offers two arguments in favor of the court's application of the equitable tolling principles in this case.  First, Townsley asserts the untimely filing of his complaint was due to ineffective communications with the clerk's office.  Second, Townsley contends that counsel's unfamiliarity with electronic filing contributed to the untimely filing of his complaint.  The court considers each of these arguments in turn in light of the extraordinary circumstances standard.

Townsley requests that the statute should be tolled because of a "lack of effective communication with the Clerk of this Court."  (Dkt. 17 at 2)  Townsley alleges that his counsel failed to receive e-mail notification of any orders relating to Townsley's case.  Specifically, Townsley's counsel claims that, notwithstanding the daily review of his e-mail transmissions, he

and/or his assistant never received e-mail notification from the court or counsel regarding Townsley's case. (Dkt. 17 at 1-2)  After Townsley's initial complaint was dismissed for lack of proper service, Townsley's counsel asserts that "many weeks later" his assistant contacted the clerk's office and was told the clerk's office was experiencing difficulties with e-mails sent to aol addresses.  (Id. at 2)  In an equally vague statement, Townsley's counsel contends that after determining the status of the case, he filed the complaint in this case.

There is no merit to Townsley's contention that his untimely filing was due to ineffective communications with the clerk's office.  To withstand summary judgment, the nonmoving party cannot rest on mere allegations or denials in his pleadings to present an issue of fact.  Fed. R. Civ. P. 56(e).  The nonmovant must set forth "specific facts" by submitting affidavits, depositions, answers to interrogatories or admissions to show a genuine issue for trial.  Id.  Here, Townsley has failed to identify any record evidence to support his allegations.  There are no affidavits, declarations, deposition testimony or other evidence creating a genuine issue of material fact supporting his claim that there was a communication problem with the clerk's office.[2]  Townsley has failed to show that the clerk's office or Defendant mislead Townsley, concealed information from him, or induced him to forfeit his statutory right of judicial review.

Furthermore, Townsley fails to address why his counsel delayed contacting the clerk's office regarding the status of the case and delayed re-filing the complaint.  Although the initial complaint in Townsley I was dismissed on January 24, 2007, Townsley's complaint in this case was not filed

---

[2] Moreover, even assuming Townsley did not receive e-mail notification of orders from the clerk's office, Townsley's counsel apparently received, by regular mail, a copy of the order granting his motion to proceed in forma pauperis and blank summons forms.  (Townsley I, Dkt. 4)  On August 22, 2006, the court granted Townsley's motion and directed the clerk's office to send Plaintiff the appropriate summons forms.  (Id.)

until July 31, 2007. This is a delay of seven months in re-filing the complaint. Indeed, Townsley's motion seems purposely vague regarding the specific date Plaintiff's counsel determined the status of the case. Likewise, Townsley neglects to explain why his counsel did not verify the status of the case by accessing the court's case management/electronic case files ("CM/ECF") system. In addition, Townsley did not seek an extension of time from the Appeals Council to file his complaint. (Dkt. 15-2 at 4) Nothing in the record demonstrates that Townsley was exercising due diligence in litigating this case.

As to counsel's assertion that his recent exposure to the court's electronic filing system is an adequate ground for equitable tolling, again there is no affidavit or record evidence to support this claim. Further, the fact that Townsley's counsel is allegedly unfamiliar with the court's filing systems does not entitle Townsley to an equitable tolling of the statute of limitations. See United States v. Jiminez, No. 8:07-cv-795-30MAP, 2007 U.S. Dist. LEXIS 37982 at *4 ( M.D. Fla. May 24, 2007)(citing Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993). Where a plaintiff is represented by an attorney during the time period that his complaint had to be filed and that attorney fails to file such complaint, courts have found that attorney error or neglect does not constitute an extraordinary circumstance that justifies equitable tolling. Davila v. Barnhart, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002); Torres v. Barnhart, No. 02-CV-9209(GBD), 2003 U.S. Dist. Lexis 21321 at * 10-11 (S.D.N.Y. Nov. 21, 2003).

In sum, Townsley has not shown that, despite due diligence, extraordinary circumstances prevented him from filing a timely complaint. Townsley failed to prove that Defendant or the clerk's office engaged in any affirmative conduct to mislead him or prevent him from filing his complaint within the statute of limitations period. Therefore, Townsley has not established an entitlement to

equitable tolling. In light of the foregoing, the court grants Defendant's motion for summary judgment. The clerk is directed to enter judgment in favor of Defendant, dismiss the case and close the files.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED**:

(1)   **Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment** (Dkt. 15)  is **GRANTED**.

(2)   The Clerk is **DIRECTED** to enter judgment in favor of Defendants, dismiss the case and close the files.

**DONE AND ORDERED** in Tampa, Florida this 27th day of April, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge